IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT NELSON HOWELL,

Defendant.                                                              No. 98-CR-30200-DRH

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On November 17, 2000, the Court sentenced Howell to 360 months imprisonment (Doc. 245) and the Clerk of the Court entered Judgment reflecting the same on November 27, 2000 (Doc. 249). On September 22, 2008, Howell filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 377). The Court appointed counsel to represent Howell on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). ***See Anders v. California,* 386 U.S. 738, 744 (1967)**. Howell did not respond to the motion to withdraw, even though he was given an opportunity to do so.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered

by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** see ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir.),** *cert. denied sub nom* ***McKnight v. United States*, 129 S.Ct. 1924 (2009)**.

  Howell is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. But Howell was sentenced for a crime involving powder cocaine

only; in excess of 150 kilograms of cocaine powder. The Sentencing Commission did not lower the offense level for powder cocaine, only crack cocaine. Thus, Howell's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 383); **DENIES as moot** Howell's motion to appoint counsel (Doc. 374) and **DISMISSES for lack of jurisdiction** Howell's motion for a sentence reduction (Doc. 377).

**IT IS SO ORDERED.**

Signed this 2nd day of December, 2009.

/s/    David R. Herndon

**Chief Judge
United States District Court**