IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.

**ROBERT NELSON HOWELL,**

**Defendant.**                                           No. 98-CR-30200-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On November 17, 2000, the Court sentenced Howell to 360 months imprisonment (Doc. 245) and the Clerk of the Court entered Judgment reflecting the same on November 27, 2000 (Doc. 249).[1] Howell did not immediately appeal his sentence and judgment.  Instead, he filed a motion under 28 U.S.C. § 2255, which was denied on the grounds that, as part of his plea agreement, he had waived his right to file such a challenge.  **Howell v. United States, 01-CV-0607-DRH (S.D. Ill., filed September 13, 2001),** *appeal denied,* **Appeal No. 03-3535 (7th Cir. decided September 25, 2003)**.  Subsequently, Howell filed a notice of appeal of his sentence and judgment on May 5, 2006 (Doc.357), which the Seventh Circuit dismissed for lack of jurisdiction on June 28, 2006 (Doc. 364).  Thereafter on October 12, 2004, Howell filed a second/successive section 2255 petition which the

---

[1] Howell filed a notice of appeal of his sentence and judgment May 5, 2006 (Doc.357), which the Seventh Circuit dismissed for lack of jurisdiction on June 28, 2006 (Doc. 364).

Court dismissed for lack of jurisdiction on January 27, 2005. **See Howell v. United States, 04-CV-0724-DRH**.

Now before the Court is Howell's motion for application of writ of audita querela (Doc. 386). In his application, he contends that he is entitled to relief from the sentence imposed by the Court based in **United States v. Booker, 543 U.S. 220 (2005)**.[2]

The Court notes that the writ of audita querela has been abolished, **see Fed.R.Civ.P. 60(e)**, and has no relevance in criminal proceedings. **Melton v. United States, 359 F.3d 855, 856 (7th Cir. 2004)**. Furthermore, what Howell really seeks is to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.... Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." **Melton, 395 F.3d at 857 (internal citation omitted)**. Thus, Howell's motion is really a § 2255 motion.

As noted, this is not Howell's first § 2255 motion. He has filed at least

---

[2] The Court notes that **Booker** does not apply retroactively to criminal cases - including Howell's case- that became final before **Booker** was decided. **See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2008)**.

two previous motions. In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. **Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)**. The Seventh Circuit has not done so. Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion.

Accordingly, the Court **DISMISSES for lack of jurisdiction** Howell's application for writ of audita querela (Doc. 386).

**IT IS SO ORDERED.**

Signed this 7th day of April, 2010.

/s/  *DavidRHerndon*

**Chief Judge**
**United States District Court**