IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT NELSON HOWELL, JR.,

Defendant.                                              No. 98-CR-30200-DRH

### ORDER

**HERNDON, Chief Judge:**

Pending before the Court is a letter from defendant which the Court construes as a motion for copies (Doc. 399). Specifically, defendant asks for the following: master inquirer for the district court; notice of appearance for district court; motion to comply content of motion to discover compliance; ruling or motion to dismiss or renewal for bonds; and need all filing and fees that concern docket 98-30200-002-DRH in this district court. The motion does not state why he needs these documents.

Section 28 U.S.C. § 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that the documents are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

Here, defendant's letter/motion is clearly insufficient. His motion is silent as to whether he has exhausted his other sources – his previous attorneys - for obtaining the court documents he seeks. Further, defendant fails to demonstrate that he needs the transcripts for a non-frivolous action. He merely requests these documents. Further, on November 7, 2011, the Court appointed the Federal Public Defender to represent defendant regarding his motion for retroactive application of sentencing guidelines to crack cocaine offenses. On March 7, 2012, assistant Federal Public Defender Ethan Skaggs entered his appearance on behalf of defendant (Doc. 398). Thus, the Court insists that defendant file documents only through his court appointed counsel. *See Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)(" A district court is entitled to insist that a represented party file papers only through counsel.").

Accordingly, the Court DENIES defendant's motion for copies (Doc. 399).

**IT IS SO ORDERED**.

Signed this 9th day of July, 2012.

Digitally signed by
David R. Herndon
Date: 2012.07.09
14:48:01 -05'00'

**Chief Judge**
**United States District Judge**