IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT NELSON HOWELL,

Defendant.                                                        No. 98-CR-30200-DRH

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On August 7, 2013, Howell filed another motion under Section 2255 (Doc. 444). As stated several times in previous orders, this is not Howell's first 28 U.S.C. § 2255 motion. Based on the following, the Court dismisses for want of jurisdiction Howell's motion.

On November 17, 2000, the Court sentenced Howell to 360 months imprisonment (Doc. 245). Howell did not immediately appeal his sentence and judgment. Instead, he filed a petition pursuant to 28 U.S.C. § 2255, which was denied on the grounds that, as part of his plea agreement, Howell had waived his right to file such a challenge. *Howell v. United* States; 01-607-DRH, Doc. 9. Thereafter in his criminal case, Howell filed a notice of appeal his sentence and judgment on May 5, 2006 (Doc. 357), which the Seventh Circuit dismissed for lack of jurisdiction on June 28, 2006 (Doc. 264).

The Court notes that this appears to be *at least* Howell's sixth attempt in trying to vacate his conviction and judgment. Also, the Court notes that on

February 11, 2009, the Court restricted Howell from filing frivolous and nonsensical pleadings in this closed criminal case (Doc. 381). The Court further notes that the Court issued a *Mack* Order and sanctioned Howell in his original 28 U.S.C. §2255 petition for filing frivolous motions and for violating Court Orders. *See Howell;* 01-607-DRH, Doc. 54. Still undeterred by the Court's Orders, Howell continues to file frivolous and nonsensical motions for relief like the motion at bar.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Howell does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because this motion is brought 2 and ½ years after the sentencing and judgment; the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply

because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Howell could bring this motion is a § 2255 collateral attack.

Here, Howell has titled his motion as one under Section 2255. Clearly, Howell's motion is seeking to attack the judgment. Obviously, this is attempt to vacate Court's prior resolution is a successive petition. As the record is abundantly clear, this is not Howell's first attempt at attacking his conviction and judgment. In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit has not done so. Therefore, the Court does not have jurisdiction to entertain the pending motion.

Accordingly, the Court **DIMISSES for lack of jurisdiction** Howell's motion under Section 2255 (Doc. 4444). If Howell is serious about pursuing this motion, he should ask the Seventh Circuit for permission to file a successive § 2255 motion. This old criminal matter is closed.

**IT IS SO ORDERED.**

Signed this 19th day of August, 2013.

Digitally signed by
David R. Herndon
Date: 2013.08.19
12:22:03 -05'00'

**Chief Judge
United States District Court**