IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT NELSON HOWELL,

Defendant.                                              No. 98-CR-30200-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Pending before the Court is another motion to overturn his sentence and conviction (Doc. 485). This time, Howell moves to vacate judgment of conviction pursuant to Federal Rule Criminal Procedure 11. Based on the following, the Court dismisses for lack of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33

motion for new trial based on other grounds must be brought within 14 days after the verdict.  Lastly, a collateral attack under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, Howell does not cite any case law or statute which allows the Court to consider his motion.  Rule 35 is inapplicable because this motion is brought almost 16 years *after* the sentencing and judgment; the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce.  Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the verdict to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Howell could bring this motion is a § 2255 collateral attack.  However, as the record reflects Howell has filed numerous motions attempting to attack his conviction and judgment.  In order for the Court to consider a second/successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8.  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Seventh Circuit has not done so.  Therefore, the Court does not have jurisdiction to entertain the pending motion.

Accordingly, the Court **DIMISSES for lack of jurisdiction** motion to vacate judgment of conviction pursuant to Federal Rule of Criminal Procedure 11 (Doc. 485).  If Howell is serious about pursuing this motion, he should ask the Seventh Circuit for permission to file a successive § 2255 motion.

Lastly, as Howell is well aware, Howell has filed countless motions in this closed criminal case and countless habeas cases seeking to overturn his sentence and conviction and/or to reduce his sentence. None of his attempts has succeeded. The Court need not recite all of his failed motions/cases. He has been warned by this Court and the Seventh Circuit to stop filling frivolous motions; yet Howell does not heed the warnings. The Court reminds Howell of the Seventh Circuit's February 10, 2014 admonishment: "Howell must understand that his only avenue of relief from the judgment and sentence is provided by 28 U.S.C. §§ 2244 and 2255(h). Howell needs this court's permission, and the statutes limit the grounds on which permission may be granted. Further, unauthorized filings in the district court, or any frivolous application to this court, may lead to a circuit-wide ban on further filings of any kind." (Doc. 455). The Court also reminds Howell of the Seventh Circuit's sanction entered on February 13, 2014: "Howell is fined $500. Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit in accordance with *Support Sys. Int'l v.* Mack, 45 F.3d 185 (7th Cir. 1995), and any papers he submits will be returned unfiled. Moreover, any papers he submits attacking his current criminal conviction will also be returned unfiled. Finally, any applications for leave to file collateral attacks will be deemed denied 30 days after filing unless the court orders otherwise. *Alexander v. United* States, 121 F.3d 312 (7th Cir. 1997). *Howell v. United* States, 14-1113 (7th Cir. February 13, 2014). Thus, the

Court **PRECLUDES** Howell from filing any more motions in this closed criminal case unless authorized first by the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

Signed this 17th day of August, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.08.17 13:35:34 -05'00'

**United States District Judge**