IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT NELSON HOWELL, JR., <br><br> Defendant. | Case No. 98-CR-30200-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On June 5, 2000, Robert Nelson Howell, Jr., pleaded guilty in this Court to one count of conspiracy to distribute and possess with the intent to distribute cocaine, crack cocaine, and marihuana. Howell and the Government stipulated that the conspiracy continued from 1990 through 1999 and involved over 150 kilograms of cocaine and divers quantities of marihuana. The parties also agreed, however, that the sentence would depend only on the quantity of powder cocaine.

The United States Probation Office prepared a presentence investigation report ("PSR") that detailed Howell's criminal history and the length of the conspiracy. According to the PSR, Howell was convicted of conspiracy to distribute cocaine in the United States District Court for the District of Minnesota in December 1991 and served a term of imprisonment. Howell was released from incarceration in 1995, but shortly after became re-involved in the drug conspiracy, which led to the indictment in this case. The

PSR assigned Howell a base offense level of thirty-eight because his offense involved over 150 kilograms of cocaine. He received a two-point enhancement for using a weapon during a robbery that involved drugs, a four-point enhancement for his leadership role in the conspiracy, and a two-point decrease for acceptance of responsibility, for a total offense level of forty-two. The PSR assigned Howell a criminal history category of V, based on his past offenses.

Pursuant to the 1998 edition of the Guidelines Manual, the guideline range for imprisonment was 360 months to life. The PSR instructed the Court to reduce Howell's sentence to account for the period of incarceration he served in relation to the Minnesota conviction, because that offense was part of the same conspiracy and, thus, relevant conduct. On November 20, 2000, Howell was sentenced to 360 months' imprisonment.

On March 4, 2019, Howell filed a motion to reduce sentence under the First Step Act of 2018. Pub. L. 115-391, 132 Stat. 5194 (2018). The Court referred the matter to the Federal Public Defender's Office, and Assistant Federal Public Defender Daniel G. Cronin entered his appearance on Howell's behalf (Docs. 501 & 502). On April 18, 2019, Mr. Cronin moved to withdraw as Howell's attorney, explaining Howell has no meritorious basis for obtaining relief under the First Step Act because his sentence was based on powder cocaine (Doc. 503). Howell responded, arguing that because he pleaded guilty to an offense involving crack cocaine, he is entitled to relief (Doc. 505). Howell also argues he is entitled to a reduced sentence because the PSR considered the offenses in the Minnesota case to be relevant conduct, and the Minnesota conviction involved crack cocaine. Nelson filed subsequent, supplemental motions raising substantially the same

arguments (Docs. 506 & 507).

## DISCUSSION

Prior to the enactment of the Fair Sentencing Act of 2010, federal drug crime statutes "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 567 U.S. 260, 263 (2012). The Fair Sentencing Act aimed to reduce the crack-to-powder cocaine disparity by increasing the quantity of crack required to trigger enhanced penalties under 21 U.S.C. § 841. Specifically, the Fair Sentencing Act raised the amount necessary to trigger the mandatory ten-year minimum in Section 841(b)(1)(A) from fifty grams to 280 grams, and the mandatory five-year minimum in Section 841(b)(1)(B) from five grams to twenty-eight grams. In 2018, Congress passed the First Step Act, which makes the Fair Sentencing Act retroactive to individuals who committed crack-cocaine offenses prior to the enactment of the Fair Sentencing Act and whose sentences would be altered by the lower crack quantities in Section 841. Pub. L. 115-391, 132 Stat. 5194 (2018).

In this instance, Howell is not entitled to relief under the First Step Act because his sentence was based only on the quantity of powder cocaine involved in his offense. Thus, the changes to the crack quantities in Section 841 have no effect on his sentence. The fact that he pleaded guilty to an offense involving crack-cocaine makes no difference; he entered into a stipulation with the Government that his penalty would be based solely on the quantity of powder cocaine. Howell also argues he is entitled to relief because his conviction in Minnesota was based on both crack and powder cocaine, and this Court

considered the Minnesota case to involve the same conspiracy. But, again, the Court only considered the powder cocaine involved in the conspiracy, and his sentence was eventually reduced to account for the period of incarceration he served in relation to the Minnesota conviction. Nonetheless, Howell was convicted in this Court of an offense involving upwards of 150 kilograms of powder cocaine, which, alone, would result in the highest possible base offense level under U.S.S.G. § 2D1.1.

Accordingly, the motions to reduce sentence filed by Robert Nelson Howell, Jr. (Docs. 499, 506, & 507) are **DENIED;** the motion to withdraw as attorney by Daniel G. Cronin (Doc. 503) is **GRANTED**. Attorney Cronin is terminated from this case.

**IT IS SO ORDERED.**

DATED:  September 5, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**