IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:98-CR-30200-NJR-2 |
| ROBERT NELSON HOWELL, JR., | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case is before the Court on five outstanding motions by Defendant Robert Nelson Howell, Jr.: two petitions for the writ of *coram nobis* and three motions for miscellaneous relief. (Docs. 555, 557–60). For the reasons set forth below, the Court denies these motions.

## BACKGROUND

Howell was indicted in 1998 and, pursuant to a plea agreement, entered a guilty plea in 2000 on one count of conspiracy to distribute and to possess with the intent to distribute cocaine, cocaine base, and marijuana. (Docs. 10, 180). He was sentenced to 360 months' imprisonment, five years' supervised release, a special assessment fee of $100.00, and a fine of $10,000. (Doc. 245). As part of his plea agreement, Howell waived the right to appeal his sentence or challenge it by "any collateral attack." (Doc. 180, at 9).

Despite this waiver, Howell has spent much of the last three decades challenging his sentence. Until this Court granted his 2020 motion for compassionate release

(Docs. 545, 548), Howell filed so many appeals and collateral attacks that he was eventually classified by the Seventh Circuit as a restrictive filer.[1] (*See, e.g.*, Doc. 545, at 1–2; Doc. 455, at 1–2). After his 2021 release from the custody of the Bureau of Prisons (*see* Doc. 548), Howell's case was transferred to the Eastern District of Kentucky in 2022.

In his first outstanding motion, a petition for the writ of *coram nobis*, Howell asks this Court to vacate his conviction. (Doc. 555). He claims that he has managed to secure a transcript of the 1998 grand jury proceedings leading to his indictment (though he does not say from where), and that these grand jury "minutes" show "that the grand jury was never informed about nor heard testimony specifically regarding 'cocaine base' or 'marijuana.'" *Id.* at 1. He argues that this is a constructive amendment of the indictment against him in violation of the Fifth Amendment. *Id.*

In his second motion, which Howell labels a "Petition to Discharge Case Under Federal Authority and Administrative Recoupment," he "request[s] the discharge and closure" of this case through (1) the discharge of all related "charges, obligations, and financial instruments"; (2) the "administrative recoupment from any and all financial entities or agencies named herein, including the SEC, IRS, Goldberg & Kohn, mortgagee, and mortgager, involving surety/performance/payment bonds tied to this case"; and (3) the "closure of public and private liabilities, and full return or settlement of any interest, bond, or lien related to the NAMEHOLDER[2] estate or trust." (Doc. 557, at 1–3).

---

[1] That status has since been lifted. (*See* Doc. 545, at 2–3).
[2] Howell appears to refer to himself as "CEO NAMEHOLDER" in this motion. (*See* Doc. 557, at 1–3). If he believes this title holds legal significance, he does not say.

Howell does not explain what he means with any greater specificity.[3] *See id.*

Howell's third motion is labeled a "Petition for Production of Court Registry Accounting and Identification of CRIS Account." (Doc. 558). He claims he has "reason to believe"[4] that "funds or instruments" are "deposited, invested, or otherwise recorded" within the Court Registry Investment System (CRIS) or the Administrative Office of the United States Courts.[5] *Id.* at 1. He asks the Court to order "a certified accounting and identification of any CRIS account(s) or related investment records" associated with his criminal case. *Id.* at 1–2. He further requests that the Court "[d]irect production of copies of any orders or docket entries authorizing deposits or investments into CRIS under this case." *Id.* at 2. He does not explain why he seeks this information or why he is entitled to it.

Howell's fourth motion, a "Petition for Discharge of Obligation and Satisfaction of Judgment Under 28 U.S.C. §§ 2041, 2042, and 2045," asks this Court to (1) "[t]ake judicial notice that funds or securities held under CRIS, associated with this case, are under the lawful custody of the Court"; (2) apply those funds to discharge any fines, fees, restitutions, or assessments that have arisen from this matter; and (3) to thereafter record "full satisfaction" of the judgment. (Doc. 559, at 1). Howell does not say whether there are outstanding fines, fees, restitutions, or assessments he owes in connection with this

---

[3] For instance, Howell's motion does not specify (1) *which* "charges, obligations, and financial instruments" he believes exist and should be discharges; (2) *what* bonds he believes exist, *what* the relationship is between the bonds and this case, or *how* the entities he names are themselves related to the alleged bonds; or (3) *which* public and private liabilities still exist, *who* owes the liabilities, or *to whom* the liabilities are owed.
[4] Though he does not say what those reasons are.
[5] He does not explain where such funds or investments came from.

case, or the remaining balance of such obligations. *See id.* Nor does he explain why he believes the Court is holding funds or securities on his behalf in association with this case. *See id.*

Howell's fifth and final motion is another petition for a writ of *coram nobis*. (Doc. 560). He again seeks vacatur of his conviction, this time for alleged violations of the Fifth Amendment's prohibition on double jeopardy. *Id.* at 1. He bases his argument on another unsubstantiated assertion that he has access to the grand jury minutes. *Id.* He claims those minutes show that the grand jury was told of events underlying a former conviction in the United States District Court for the District of Minnesota. *Id.*

## DISCUSSION

### A. Petitions for the writ of *coram nobis*

"A petition for writ of *coram nobis* is 'a rare form of collateral attack on a criminal judgment'" that is only available "to defendants who are out of custody and therefore may no longer petition for habeas corpus." *United States v. Weber*, 2021 WL 2222650, at *2 (N.D. Ill. June 2, 2021) (quoting *United States v. Delhorno*, 915 F.3d 449, 450 (7th Cir. 2019)). The collateral attack is available in the Seventh Circuit when "(1) the error alleged is of the most fundamental character as to render the criminal conviction invalid; (2) there are sound reasons for the defendant's failure to seek earlier relief; and (3) the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016).

But Howell waived his right to challenge his sentence "in any collateral attack, including but not limited to a motion brought under [28 U.S.C. §] 2255." (Doc. 180, at 9;

*accord* Doc. 455, at 1 (Seventh Circuit order noting that Howell waived his right to collaterally attack his conviction)). Because *coram nobis* is a collateral attack, this provision of Howell's plea agreement waives his right to bring these petitions. *See Wilkozek*, 822 F.3d at 367–68; *see also United States v. Johnson*, 22 F. App'x 640, 640–41 (7th Cir. 2001) (finding waiver of the right to petition for *coram nobis* under a plea agreement with the exact same language). Waiver of the right to collaterally attack one's sentence must be enforced where it was knowing and voluntary, with limited exceptions. *Dowell v. United States*, 694 F.3d 898, 901–02 (7th Cir. 2012). Howell does not argue that his plea agreement was unknowing or involuntary, or that any relevant exception applies here. Therefore, his petitions for *coram nobis* (Docs. 555, 560) are barred.

## B. Petition to Discharge Case Under Federal Authority and Administrative Recoupment

In the Court's view, Howell's second motion (Doc. 557) cannot be granted because it fails to adequately articulate what relief he seeks. It is vague to the point of uselessness. The Court is genuinely unsure what Howell wants. He claims to seek the "discharge" of this case,[6] "as the matter is believed[7] to involve monetization through Surety Bond(s), Performance Bond(s), [and] Payment Bond[s]." *Id.* at 2. These bonds, he claims, "may be directly or indirectly administered through or connected to" (1) the law firm Goldberg Kohn, (2) the Securities and Exchange Commission, (3) the Internal Revenue Service

---

[6] Which, the Court notes, was officially closed at his sentencing more than twenty-five years ago. (Docs. 245–53).
[7] By whom?

(IRS), or (4) an entity he calls "Mortgagee and Mortgagor interests, if relevant to the creation or securitization of instruments against the NAMEHOLDER estate." *Id.*

Howell does not attempt to explain why he is entitled to relief—but even if he had, how could it be granted? The Court is not omniscient. Howell failed to adequately explain the nature of his desired relief, and his motion offers far too little in the way of detail for the Court to puzzle it out. How does Howell's criminal case "involve" these alleged bonds (or the "monetization" thereof)? How is the Court to identify which bonds are "directly or indirectly" "administered through or connected to" any of those four entities (one of which—Mortgagee and Mortgagor interests—is nonsensical)? The Court cannot grant requests it does not understand. Accordingly, Howell's inscrutable motion (Doc. 557) is denied.

### C. Petition for Production of Court Registry Accounting and Identification of CRIS Account; Petition for Discharge of Obligation and Satisfaction of Judgment Under 28 U.S.C. §§ 2041, 2042, and 2045

Howell requests in his third motion (Doc. 558) that the Court (1) provide an accounting of any CRIS accounts or investment records associated with this case, and (2) produce copies of any orders or docket entries authorizing deposits or investments into CRIS under this case. Howell does not explain why he is entitled to such relief.[8] This alone would doom his motion.

---

[8] Indeed, his grounds are only that (1) he "has reason to believe that funds or instruments may have been deposited, invested, or otherwise recorded" in association with this case (though he does not explain what that reason is); (2) that such records are within the custody of the Clerk of Court or the Administrative Office of the United States Courts; and (3) that the Court has power to order an accounting of such records. (Doc. 558, at 1). Even assuming the truth of each of these claims, Howell utterly fails to argue that he is *entitled* to his requested relief. He only explains why he believes the relief is possible.

More importantly, however, the Court cannot grant the relief Howell requests. The Court's accounting system does not contain any financial data related to this case. Any financial records associated with his criminal case would have been transferred to the Eastern District of Kentucky in 2022. As such, this motion is denied.

Howell's fourth motion (Doc. 559) is denied for a similar reason. There, he asks the Court to direct the Clerk's Office to "apply any and all funds, securities, or financial instruments held under" the CRIS in connection with this case "toward the discharge and full satisfaction of all monetary obligations . . . recorded in this matter." *Id.* at 1. But the Court cannot do anything with funds, securities, or financial instruments it has no record of (if, indeed, they even exist). Because the Court's accounting system does not have a record of any of the financial information to which Howell alludes, it cannot grant the relief he requests.

Accordingly, the Court **DENIES** each of Defendant Robert Nelson Howell, Jr.'s outstanding motions. (Docs. 555, 557–60).

**IT IS SO ORDERED.**

DATED: February 24, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**